## RIGGS DEVELOPMENT CO. v. DISTRICT OF COLUMBIA.

## COLONIAL MORTGAGE CORPORATION v. DISTRICT OF COLUMBIA.

### Nos. 10144, 10173.

United States Court of Appeals District of Columbia Circuit.

Decided Sept. 11, 1950.

Writ of Certiorari Denied Jan. 8, 1951.
See 71 S.Ct. 351.

Mr. Jacob N. Halper, Washington, D. C., with whom Mr. Charles Kershenbaum, Washington, D. C., was on the brief, for petitioners.

Mr. Harry L. Walker, Assistant Corporation Counsel, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, D. C., Chester H. Gray, Principal Assistant Corporation Counsel, D. C., and George F. Lynch, Assistant Corporation Counsel, D. C., Washington, D. C., were on the brief, for respondent.

Before EDGERTON, CLARK, and WASHINGTON, Circuit Judges.

PER CURIAM.

The petitioners appeal from decisions of the Board of Tax Appeals of the District of Columbia that certain gains are taxable as income.

Petitioners were incorporated in 1941 and 1943, respectively. Each corporation was authorized to improve and deal in real estate and specifically, among other things, to buy, sell and lease. Each corporation bought vacant land and improved it by building multiple dwellings. In order to get necessary priorities for building materials, and permanent financing through the Federal Housing Administration, each agreed with the Federal Housing Administration and with the War Production Board that the dwellings would be designed for renting, retained for the duration of the emergency, and rented at rates fixed by the War Production Board.

These restrictions were removed on October 15, 1945. The Servicemen's Readjustment Act of 1944, 58 Stat. 284, 38 U.S.C.A. ch. 11C, popularly known as the G. I. Bill of Rights, was amended December 28, 1945, 59 Stat. 626, 38 U.S.C.A. § 694a, so as to facilitate purchase and financing of homes by veterans. On April 24, 1946 and June 3, 1946, respectively, the Boards of Directors of petitioners authorized the officers to sell the houses for the best prices obtainable. All the houses of petitioner

Colonial, except one that was occupied by the manager of the project and was sold in 1947 when another place for him to live was found, were sold between June 5 and August 20, 1946. All the houses of petitioner Riggs were sold between July 9 and October 21, 1946.

The Board of Tax Appeals found that these houses, at and before the times of the sales, were held by petitioners "primarily for sale to customers in the ordinary course" of petitioners' "trade or business." These findings are in the language of D.C. Code (1940) § 47—1506(a), which excludes property so held from the definition of "capital assets". Gains from sales of "capital assets" are exempted from taxation as income. Accordingly the Board concluded that the sales of the houses were not sales of capital assets and that the gains were taxable as income under § 47—1506(b).

We agree that the houses, when sold, were held for sale as the Board found. Moreover, the Board's findings of fact "are to be undisturbed unless clearly wrong". District of Columbia v. Pace, 320 U.S. 698, 702, 64 S.Ct. 406, 408, 88 L.Ed. 408.

Affirmed.